IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WESTBY CO-OP CREDIT UNION,

                Plaintiff,

  v.

TRAILS END MOTEL, LLC, ANTOINE SAMUEL WILSON, SR., KAREN FRANCES WILSON, COLUMBIA COUNTY, WR STEWART & ASSOCIATES, S.C., and DEPARTMENT OF REVENUE,

                Defendants.

OPINION and ORDER

26-cv-84-jdp

---

Plaintiff Westby Co-Op Credit Union originally filed this civil action for foreclosure in April 2024 in Columbia County Circuit Court, seeking foreclosure on a property that defendants Karen and Antoine Wilson use as a home and a business, the Trails End Motel. The motel is also a defendant along with Columbia County, WR Stewart & Associates, S.C., and the Wisconsin Department of Revenue. *See* Columbia County Case No. 2024CV111.[1] The state court entered a foreclosure judgment in March 2025. On February 2, 2026, the Wilsons removed that case to this court. I will remand the case to state court because this court cannot exercise jurisdiction over it.

---

[1] The Wilsons also provide the case number of a long-closed 2021 small claims action involving the parties, Columbia County Case No. 2021SC177, but the Wilsons don't discuss the case in their filings and its inclusion doesn't affect the outcome.

ANALYSIS

This court has "an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). An action may be removed here from state court if this court would have had original jurisdiction over the complaint had it been filed here first. 28 U.S.C. § 1441(a). In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a state law claim against a citizen of another state that amounts to more than $75,000. 28 U.S.C. § 1332. As the parties seeking to invoke federal jurisdiction, the Wilsons bear the burden of demonstrating that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

The underlying case is a foreclosure action, which is a state-law matter, not a federal question. And this court cannot exercise diversity jurisdiction over the foreclosure claim because there is no indication that plaintiff Westby Co-op (a Wisconsin-chartered credit union) is a citizen of a different state from the Wilsons or their motel. And in any event, this federal district court does not have jurisdiction to overturn the state court's judgment of foreclosure. *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024). The governing principle is referred to as the *Rooker-Feldman* doctrine, named after two Supreme

Court cases that applied the doctrine. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The Wilsons filed another pleading in this case, a purported complaint against Westby Co-op, Wisconsin, Columbia County, the city of Wisconsin Dells, and unidentified "John and Jane Doe" defendants, raising claims under federal civil rights statutes and the Racketeer Influenced and Corrupt Organizations. Dkt. 2. Even if I considered those claims as proposed counterclaims, that wouldn't affect the jurisdictional analysis. A complaint raises a federal question "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law. . . . Federal jurisdiction cannot be predicated on an actual or anticipated defense, or rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (cleaned up). I will remand this case to state court.

The Wilsons have filed a host of motions along with their notice of removal, including motions for a temporary restraining order, for relief from judgment, to vacate judgment, and for in forma pauperis status. Dkt. 2; Dkt. 4; Dkt. 5; Dkt. 10; Dkt. 11; Dkt. 13. I will deny all of those motions as moot because I am remanding the case.

The Wilsons also move to seal the record, Dkt. 12. I will deny that motion because court proceedings are presumptively open to the public and the Wilsons don't give a persuasive reason to seal the record here.

ORDER

IT IS ORDERED that:

1. This case is REMANDED to state court for lack of subject matter jurisdiction.

2. All of defendants' pending motions are DENIED.

Entered February 6, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge